**Frank HELLER and Margaret Heller, his wife**

v.

**CENTRAX PRODUCTS CORPORATION.**

**Civ. A. No. 81–4183.**

United States District Court, E. D. Pennsylvania.

July 8, 1982.

## MEMORANDUM

RAYMOND J. BRODERICK, Judge.

This is a personal injury action in which the plaintiff, Frank Heller ("Heller"), claims that his right hand was permanently damaged as the result of a defect in a machine manufactured by the defendant, who sold the machine to plaintiff's employer. Defendant, Centrax Products Corporation ("Centrax"), a Massachusetts corporation, has filed a motion to dismiss contending that this Court lacks personal jurisdiction over the defendant. Oral argument was held on this motion on July 6, 1982. For the reasons hereinafter set forth, this Court will enter an Order denying defendant's motion to dismiss.

Service of the complaint in this case was made on Centrax pursuant to Pennsylvania's long-arm statute, 42 Pa.C.S.A. §§ 5321–5329. Since this Court possesses subject matter jurisdiction over the case on the basis of diversity of citizenship between the parties, 28 U.S.C. § 1332, the Court looks to the law of the forum state to determine whether it may properly exercise personal jurisdiction over the defendant. Pennsylvania law provides, in relevant part, that

A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... who acts directly or by an agent, as to a cause of action or the matter arising from such person: ... [c]ausing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth. [As to nonresident defendants, jurisdiction may be exercised] to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

42 Pa.C.S.A. §§ 5322(a)(4), 5322(b).

The uncontradicted evidence shows that Centrax manufactured the machine used by plaintiff Heller at the time of the accident which injured his hand in 1979. If plaintiff succeeds in showing, by a preponderance of the evidence, that the machine was a defective product within the meaning of Section 402A, defendant will have committed an act outside Pennsylvania causing injury within Pennsylvania, thereby satisfying the terms of the long arm statute. Defendant concedes this and bases its motion to dismiss on the constitutional argument that the exercise of personal jurisdiction over Centrax violates due process because Centrax lacks sufficient minimum contacts with Pennsylvania.

Both parties agree that Centrax manufactured and sold the machine at issue to plaintiff's employer in 1972. The employer in response to Centrax advertising, requested further information, which Centrax provided, and thereupon ordered the machine. Centrax sold the machine to Heller's employer and shipped the machine to the employer's plant in Pennsylvania. Since that time, Centrax has done no further business with the employer. The record shows that Centrax has not done any business in Pennsylvania during the past five years.

This sale, being a sale of an alleged defectively manufactured product, which the seller shipped to a Pennsylvania buyer, is a constitutionally sufficient minimum contact in this case. Thus, Centrax should have "reasonably anticipated being hailed into

court" in Pennsylvania if its product was defective and caused injury in Pennsylvania. *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). Therefore, this Court, applying the law of the forum state, may exercise personal jurisdiction over the defendant without offending due process.

Centrax argues that *World-Wide Volkwagen* requires greater contact than this. In *World-Wide*, the Supreme Court held that an Oklahoma court lacked jurisdiction over a New York defendant which sold an allegedly defective automobile to the plaintiff, who drove it to Oklahoma, the site of the accident at issue in *World-Wide*. The Court limited the trend toward expanding notions of personal jurisdiction by stating that mere " 'foreseeability' [that the product sold could be taken into the forum state] alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." 100 S.Ct. at 566. The Court noted that, if foreseeability alone were the test of jurisdiction, "[e]very seller of chattels would in effect appoint the chattel his agent for service of process. His amendability to suit would travel with the chattel." 100 S.Ct. at 566. Unwilling to accept such a small quantity of minimum contact, the Supreme Court stated that courts should look to the defendant's conduct and connection with the forum in order to determine whether the exercise of jurisdiction "does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940). In making this determination, the Supreme Court emphasized that its holding was not so much a contraction in the definition of minimum contacts but rather a narrow holding that the situation before the Court did not support the exercise of personal jurisdiction. Regarding products liability, the Court noted

> The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the

stream of commerce with the expectation that they will be purchased by consumers in the forum State.

444 U.S. at 297, 100 S.Ct. at 567.

If the plaintiff had filed a suit against Centrax for conduct unrelated to the machine sold and shipped into Pennsylvania, this Court would probably then lack jurisdiction because a single sale is not sufficient course of business conduct to satisfy due process guarantees if plaintiff had contended that defendant "does business" in Pennsylvania. Here, however, the plaintiff need not show that Centrax does business in Pennsylvania. He only need show that what contact defendant has with Pennsylvania is related to the alleged tortious conduct and comports with the due process standards set forth in *International Shoe* and *World-Wide Volkswagen*. Plaintiff has satisfied this burden and shown that personal jurisdiction exists in this matter.

The Third Circuit has long held that a single act of selling or shipping material into Pennsylvania will support jurisdiction when that sale or shipment is related to the facts at issue in the litigation. *See Columbia Metal Culvert Company, Inc. v. Kaiser Industries, Inc.*, 526 F.2d 724 (3d Cir. 1975); *World-Wide Volkswagen* did not invalidate decisions such as *Columbia Metal* to the extent they are applied to a defendant who has sold directly to a state resident an allegedly defective product that is part of the subject matter of the case before the Court. Under such circumstances, due process is not offended by the exercise of jurisdiction. As the Third Circuit recently observed in *Schwilm v. Holbrook*, 661 F.2d 12, 15 (3d Cir. 1981),

> In the commercial context, case law addressing negligence occurring out of state, coupled with deliberate or knowing exportation to the forum of a defective article generally gives rise to qualitatively sufficient forum contacts to permit assertion of long arm jurisdiction consonant with the fourteenth amendment.... The Supreme Court's recent decision in *World-Wide Volkwagen Corp. v. Woodson*, does not limit the reach of a

"tort in/harm out" long arm, when the place of the harm was clearly and specifically foreseeable. *See* 444 U.S. at 297, 100 S.Ct. at 567.

661 F.2d at 15 (citations omitted). *See also Kingley & Keith, Ltd. v. Mercer International Corp.,* 291 Pa.Super. 96, 435 A.2d 585, 591 (1981); *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.,* 228 Pa.Super. 12, 323 A.2d 11, 16–17 (1974).

Therefore, the Court will enter an Order denying defendant's motion to dismiss.